# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL ENRIQUE PEREZ LOPEZ, | ) )<br>) Case No. _____<br>) |
| Petitioner, | ) ) |
| v. | ) **PETITION FOR WRIT**<br>) **OF HABEAS CORPUS** |
| PATRICIA HYDE, New England Field Office Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security, | ) )<br>) )<br>) )<br>) |
| Respondents. | ) ) |

## INTRODUCTION

1. Petitioner Manual Perez Lopez, a native and citizen of Guatemala, arrived in the United States in 2011. Since 2012, he has resided with his mother in Massachusetts, where he works as a landscaper. He has never been charged with a crime.

2. On September 16, 2025, Mr. Perez Lopez was arrested in Massachusetts by employees or agents of U.S. Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS"). The arrest occurred the same day he appeared before the Immigration Court at a removal proceeding under section 240 of the Immigration and Nationality Act. Originally commenced in 2011, the section 240 proceeding, together with the application for asylum Mr. Perez Lopez filed in 2013, was administratively closed in 2016 before being recalendared this year.

3. Mr. Perez Lopez is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). As a person detained under 8 U.S.C. § 1226(a), Mr. Perez Lopez must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural

protections. *See Gomes v. Hyde*, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025).

4. Mr. Perez Lopez requests a bond hearing.

5. On September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals—the administrative agency with jurisdiction over removal proceedings—issued a decision that purports to require the Immigration Court to deny a bond hearing to all persons situated as Mr. Perez Lopez is. Thus, notwithstanding the requirement of a bond hearing under § 1226(a), DHS takes the position that Mr. Perez Lopez is not entitled to such a hearing.

6. Mr. Perez Lopez is being irreparably harmed by his ongoing unlawful detention without a bond hearing. To remedy this harm, this Court should order that Mr. Perez Lopez be released subject to a bond hearing.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

8. Venue is proper because Petitioner resides and was detained in Lawrence, Massachusetts and on information and belief is detained in the District of Massachusetts.

## PARTIES

9. Petitioner Manual Enrique Perez Lopez is a resident of Lawrence, Massachusetts.

10. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

11. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

12. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

13. All respondents are named in their official capacities.

## FURTHER ALLEGATIONS OF FACT

14. Mr. Perez Lopez arrived in the United States in 2011, when he was 15 or 16 years old.

15. In 2011, shortly after his arrival in the United States, Mr. Perez Lopez was arrested and made subject to a section 240 removal hearing.

16. In 2012, Mr. Perez Lopez, who was deemed an unaccompanied alien child, was released to his mother as his sponsor. Upon his release, he moved to Lawrence, Massachusetts, where his mother was living.

17. Mr. Perez Lopez, who is now 29 years old, has lived with his mother at the same address in Lawrence since 2012.

18. In 2013, Mr. Perez Lopez filed an application for asylum and withholding of removal.

19. In or around 2016, before any decision was rendered on the asylum application, Mr. Perez Lopez's section 240 removal proceeding was administratively closed by exercise of prosecutorial discretion by the DHS Office of the Principal Legal Advisor.

20. Mr. Perez Lopez's application for asylum has remained pending since it was filed in 2013.

21. In mid-2025, Mr. Perez Lopez received notice that DHS was moving to recalendar his administratively closed proceeding before the Immigration Court. An initial hearing was scheduled for September 16, 2025.

22. On September 16, pursuant to the notice, Mr. Perez Lopez appeared before the Immigration Court (Judge Masters). DHS did not appear at the hearing. The case was set for a merits hearing on Mr. Perez Lopez's application for asylum.

23. On September 16, within approximately one hour after he left Immigration Court, the vehicle in which Mr. Perez Lopez was traveling was pulled over in Lawrence by employees or agents of ICE. Mr. Perez Lopez was ordered out of the vehicle and arrested.

24. Mr. Perez Lopez has never been charged with a crime.

25. Mr. Perez Lopez does not pose a danger to the community or a flight risk.

26. The Immigration Court has been aware of Mr. Perez Lopez's home address since no later than 2013, when he filed his asylum application. Petitioner's address has not changed since that time.

27. The ongoing unlawful detention of Mr. Perez Lopez is causing him irreparable harm. The irreparable harm to Mr. Perez Lopez will continue for the duration of his detention.

28. On information and belief, Respondents' position is that Petitioner is not entitled to a bond hearing. Accordingly, Petitioner will be denied a bond hearing.

### FIRST GROUND FOR RELIEF
### Violation of 8 U.S.C. § 1226(a) and Associated Regulations

29. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

30. Under § 1226(a), Petitioner is entitled to a bond hearing.

31. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

32. Petitioner's continuing detention is therefore unlawful.

## SECOND GROUND FOR RELIEF
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

33. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections.

34. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

35. Petitioner's continuing detention is therefore unlawful.

## THIRD GROUND FOR RELIEF
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Individualized Hearing for Domestic Civil Detention)

36. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

37. Petitioner's continuing detention is therefore unlawful under the Due Process Clause of the Fifth Amendment regardless of the ostensible statutory basis for the detention.

## FOURTH GROUND FOR RELIEF
### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

38. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a reasonable relation to the purposes of immigration detention—*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings—and is not impermissibly punitive.

39. Petitioner's continuing detention is therefore unlawful under the Due Process Clause of the Fifth Amendment regardless of the ostensible statutory basis for the detention.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court afford the following relief:

i. assume jurisdiction over this matter;

ii. restrain and enjoin Respondents from transferring Petitioner outside the District of Massachusetts;

iii. issue an Order to Show Cause requiring Respondents to show cause why this Petition should not be granted within three days;

iv. declare that Petitioner's detention is unlawful;

v. issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or, in the alternative, to provide Petitioner with a bond hearing at which Respondents are enjoined from denying bond to Petitioner on the ground that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

vi. granting any further relief this Court deems just and proper.

Dated: September 18, 2025

Respectfully submitted,

*/s/ Brian T. Horan*
Brian T. Horan (BBO# 710450)
HORAN LAW LLC
500 Main Street, Second Floor
Great Barrington, MA 01230
413.344.0924 | brian@bthesq.com

*Counsel for Petitioner*